# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>LOUIS MARSH<br><br>*Defendant(s)* | Case No.<br><br>2:15-MJ-0100 KJN |

**FILED**
MAY 0 1 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 10, 2015__ in the county of __Solano__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Being a felon in possession of a firearm |
| 21 U.S.C. § 841(a)(1) | Possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

*Complainant's signature*

FBI Task Force Officer Mark T. Demarest
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 1, 2015

*Judge's signature*

City and state: Sacramento, CA

Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF MARK T. DEMAREST IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Mark T. Demarest, after being duly sworn, hereby depose and state:

## I. SCOPE OF REQUESTED CRIMINAL COMPLAINT AND ARREST WARRANT

1. This affidavit is submitted in support of an arrest warrant and criminal complaint charging LOUIS MARSH with the following crimes:

> COUNT ONE – On or about March 10, 2015: Being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).
>
> COUNT TWO – On or about March 10, 2015: Possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1).

2. The facts set forth in this affidavit are based on my review of written reports, my personal observations, my training and experience, and information from other law enforcement officials. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a complaint and for an arrest warrant.

3. In addition, where I describe statements made by other people – including other special agents and law enforcement officers, the statements are described in sum, substance, and relevant part. Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.

## II. BACKGROUND AND EXPERTISE

4. I have worked as a deputy with the Solano County Sheriff's Office since October 2003.

5. Since July 2014, I have been assigned to work as a task force officer with the Federal Bureau of Investigation's Solano County Violent Gang Safe Streets Task Force in Fairfield, California. This task force investigates violent crime in Solano County. As an FBI task force officer, I am authorized to investigate violations of United States law and to execute arrest and search warrants under the authority of the United States. Specifically included in my duties is the enforcement of all laws relating to illegal firearm possession. Prior to this assignment, I worked as a narcotics detective with a Solano County multi-jurisdictional methamphetamine enforcement team.

6. During my work with the Solano County Sheriff's Office, I have participated in dozens of firearms investigations and arrests and spent time talking with other law enforcement officers about these investigations. I have received law enforcement training throughout my employment with the Solano County Sheriff's Office.

### III. STATEMENT OF PROBABLE CAUSE

7. On March 10, 2015, members of the Solano County Sheriff Office Enforcement Team responded to the Comfort Inn located at 4441 Central Place in Fairfield, CA. They were attempting to find MARSH, who had been on a three-year state probation term since May 23, 2013. MARSH's probation includes a search condition that requires him to submit his person and place of residence to any peace officer's warrantless search and seizure at any time of the day or night. Additionally, on August 5, 2014, a Contra Costa County Superior Court judge had issued a no bail arrest warrant for MARSH, who was suspected of violating the counseling and reporting terms of his probation.

8. Members of the enforcement team surveilled MARSH at the hotel for more than an hour. Room 323 had been rented by a third party. However, police saw MARSH look out of the window of room 323 and use a third-floor exterior walkway several times. Eventually, a police officer called room 323, identified himself, and instructed MARSH to exit the room with his hands in the air. The call recipient hung up and did not answer when the officer placed a second call. Shortly thereafter, a police officer saw MARSH leave room 323. Officers took him into custody. When they did so, the door to room 323 was partially open.

9. Officers searched room 323. There was no one else inside the room. Underneath the nightstand and inside a plastic grocery bag, officers found a loaded Kimber .45-caliber semiautomatic handgun bearing serial number KR17031. The handgun contained a high capacity magazine. Inside the same plastic bag, officers found an additional magazine and 78.5 grams of a white crystal substance. This substance tested presumptively positive for methamphetamine. Officers also found a functional digital scale in the room. I know from my training and experience that this 78.5 grams of methamphetamine far exceeds a typical personal use weight.

10. According to the Bureau of Alcohol, Tobacco, Firearms, and Explosives' National Tracing Center, the Kimber firearm with serial number KR17031 was sold to a purchaser in Georgia in 2002.

11. I have reviewed MARSH's criminal history. According to his RAP sheet, on December 15, 2011, a California court convicted him of being a felon in possession of a firearm. The court sentenced him to 16 months in prison.

## IV. CONCLUSION

12. Based on these facts, my training, and my experience, I believe there is probable cause to believe that MARSH violated Title 18, United States Code, Section 922(g)(1), being a felon in possession of a firearm. I also believe there is probable cause to believe that MARSH violated Title 21, United States Code, Section 841(a)(1), possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Respectfully submitted,

_____
MARK T. DEMAREST
Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed before me on May 2, 2015.

_____
The Honorable Kendall J. Newman
United States Magistrate Judge

Approved as to Form:

_____
Amanda Beck
Assistant United States Attorney

3